UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELRADER BROWNING, III,<br><br>        Plaintiff,<br><br>vs.<br><br>FITZPATRICK, ET AL.<br><br>        Defendants. | No. 1:21-cv-1751-GSA (PC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FIRST AMENDED COMPLAINT PROCEED ON HIS CLAIMS AGAINST DEFENDANTS RENTERIA, ARREOLA, AND HADDAD FOR EXCESSIVE FORCE UNDER THE EIGHTH AMENDMENT, AND THAT ALL OTHER CLAIMS AGAINST ALL OTHER DEFENDANTS BE DISMISSED**<br><br>**ORDER DIRECTING CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE**<br><br>**OBJECTIONS DUE IN 14 DAYS**<br><br>**(ECF No. 10);** See **28 U.S.C. § 1915A(1)** |

### I.    BACKGROUND

Plaintiff Elrader Browning III is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983.

On May 5, 2025, the undersigned screened Plaintiff's complaint and found that it states no viable claims against any Defendants for excessive force under the 8th Amendment, the due process clause of the 14th amendment, or the equal protection clause of the 14th amendment. Plaintiff was granted 30 days to amend, and he did so on May 15, 2025. See First Amended Complaint (hereinafter "1AC"), ECF No. 10.

### II.    SCREENING REQUIREMENT

Courts are required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.    SECTION 1983 PLEADING REQUIREMENTS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a

method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

**IV.   DISCUSSION**

Plaintiff is presently incarcerated at the Salinas Valley State Prison in Soledad, CA. The events at issue in the complaint occurred at Plaintiff's prior facility, Kern Valley State Prison (KVSP) in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR).

Plaintiff identifies five defendants, all of whom were employed at KVSP at all relevant

times in the complaint: Lieutenant Fitzpatrick, Sergeant H. Arreola, Sergeant A. Haddad, Warden E. Stark, and Officer Renteria

### A.     Eighth Amendment Excessive Force

#### 1.     Summary of Related Allegations

Plaintiff's First Amended Complaint (1AC) is somewhat factually similar to the original complaint but adds Officer Renteria as a Defendant. Plaintiff states that on July 21, 2020, he set a small fire outside of his cell door to a t-shirt and magazines /books to protest police brutality and racial discrimination at KVSP and across the world. Officer Renteria put out the fire within seconds. 1AC at 3. Then a crowd of correctional staff gathered inside the day room yelling derogatory comments about Plaintiff. Officer Renteria then opened Plaintiff's food port and sprayed Plaintiff from head to toe with the use of a fire extinguisher. Id. This caused choking and chest pains. Id.

Sergeants Arreola and Haddad then ordered Officer Renteria to use the firehose on Plaintiff while Plaintiff was in his cell. Id. at 4. Plaintiff saw Sgt. Haddad unlock the red box and toss the fire hose up to Sgt. Arreola. Id. Sgt. Arreola then gave the fire hose to Officer Renteria who stuck the hose through the food port and sprayed Plaintiff in his facial area. Id. Plaintiff tried to cover up and protect himself from the full force of the water pressure until he was knocked down at which point he used his cell mattress to shield himself. Plaintiff was not sure how long the attack lasted but it felt like several minutes. Id.

#### 2.     Applicable Law

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8 (1992). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. Id. at 9. However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not

of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

### 3.    Analysis

Here, Plaintiff's 1st amended complaint (1AC) states a claim for excessive force against Officer Renteria, and Sergeants Arreola and Haddad.

Plaintiff alleges he set a small fire using a t-shirt and magazine/books, which Officer Renteria put out in seconds. 1AC at 3. Considering Officer Renteria diffused the situation immediately, it appears that any subsequent use of force would be unnecessary. This includes the fire extinguisher that Officer Renteria used to spray through the food port of Plaintiff's cell, covering Plaintiff from head to toe. Id. This also includes the conduct of Sergeants Arreola and Haddad who directed Officer Renteria to use the fire hose on Plaintiff. Id. This was equally unnecessary as the fire had already been put out. Id. at 4. Thus, there appears to be no legitimate penological interest warranting the use of force after the fire was extinguished.

As to the injury Plaintiff sustained, the fire extinguisher caused Plaintiff to choke and experience chest pain. Id. at 4. Plaintiff was sprayed in the face with the fire hose, knocked down, and spent several minutes warding off the attack with his mattress. Id. Although Plaintiff's injuries may not have been serious, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9. (1992). Therefore, Plaintiff states an 8th

Amendment claim for excessive force against Officer Renteria, Sergeant Arreola, and Sergeant Haddad.

### B.    Fourteenth Amendment Equal Protection

#### 1.    Applicable Law

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." Cleburne, 473 U.S. at 439 (citation omitted). "Prisoners are protected under the Equal Protection Clause . . . from invidious discrimination based on race." Wolff, 418 U.S. at 556.

To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994). An inmate "must produce evidence sufficient to permit a reasonable trier of fact to find by a preponderance of the evidence that the decision was racially motivated." Bingham v. City of Manhattan Beach, 329 F.3d 723, 732 (9th Cir. 2003).

#### 2.    Analysis

Plaintiff alleges that the use of a fire hose against a protesting black male was racially motivated and reminiscent of the 1960s. 1AC at 5.

These allegations fall short. To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class and that the defendant intentionally treated him differently from other inmates because of membership in that protected class. See Serrano v Francis, 345 F.3d 1071 at 1082. Plaintiff's allegation of racial bias/animus is speculative at best and is without factual support. It appears that the Defendants actions were, at least initially, an appropriate response to Plaintiff's setting an unauthorized fire within the confines of a prison which certainly posed an obvious threat of a serious risk of harm to both prison staff and inmates.

Thus, Plaintiff has not made an adequate showing that the Defendants acted with the requisite discriminatory intent.

### C. Fourteenth Amendment Due Process

#### 1. Applicable Law

States may not deprive any person of life, liberty, or property without due process of law. U.S. Cons. amend. XIV § 1. The analysis of a procedural due process claim proceeds in two steps. First, a plaintiff must demonstrate that he was denied substantive due process, then show that the procedures attendant upon the deprivation were constitutionally insufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60, (1989); Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998) ("A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections."). As will be discussed below, because Plaintiff has not demonstrated a substantive due process violation, thus there can be no procedural due process violation.

#### 2. Analysis

Plaintiff alleges a violation of due process for allegedly denying Plaintiff a fair hearing because Lt. Fitzpatrick had some type of personal involvement in the investigation of Plaintiff's staff misconduct complaint and then later participated in the hearing regarding same. 1AC at 2, 5.

First, Plaintiff has not set forth sufficient information to demonstrate what specific involvement Lt. Fitzpatrick had in the investigation of the excessive force incident which would later deprive him of participating in the hearing involving Plaintiff's staff complaint. Plaintiff states only that Lt. Fitzpatrick was part of the incident because his name was on the document as the supervisor of the incident. Id.

Second, Plaintiff has not identified a *liberty interest* he has been deprived of due to Lt. Fitzpatrick involvement in Plaintiff's staff grievance investigation or later hearing. "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v.

7

Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure) (emphasis added); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner).

Further, just like Lt. Fitzpatrick's involvement in the grievance procedure or hearing implicates no liberty interest, Warden Stark (or Lt. Fitzpatrick) signing off on the grievance denial, is also insufficient to state a claim. The act of denying a grievance, without more, cannot sustain a § 1983 lawsuit. See, e.g. Henderson v. Muniz, 196 F.Supp.3d 1092, 1105 (N.D. Cal., 2016); George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. [. . .] Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Plaintiff also alleges violations of state regulations. He explains that Lt. Fitzpatrick's involvement in the grievance process was a violation of "CCR Title 15, § 3084(d)(1)(A)" and "DOM § 54100.2" as well as the "(DOM § 33030.526)." 1AC at 5.

However, the failure to follow state regulations, without more, does not state a cognizable Section 1983 claim. See, e.g, West, 487 U.S. at 48 (Section 1983 claim must allege violation of right secured by federal Constitution or federal laws). State laws do not create rights protected by the federal Due Process Clause unless "the state law contains (1) substantive predicates governing official decision making, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met." See James v. Rowlands, 606 F.3d 646, 656 (9th Cir. 2010). Lees v. Singsong, No. 19-cv-01603-HSG, 2021 U.S. Dist. LEXIS 91825, at *9 (N.D. Cal. May 13, 2021).

Finally, as to Warden Stark, liability cannot be imposed on supervisory personnel for the acts or omissions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21 (9th Cir. 2010). Rather, supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**V.    NO LEAVE TO AMEND**

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."

Here, despite notice and an opportunity to rectify the deficiencies in Plaintiff's complaint—specifically as to the 14th amendment claims—Plaintiff's amended complaint is deficient for largely the same reasons noted in the first screening order. Thus, it appears Plaintiff has nothing further to allege in support of those claims and leave to amend would likely be futile.

### VI. ORDER; FINDINGS AND RECOMMENDATIONS

It is **ordered** that the Clerk randomly assign a United States District Judge.

The **recommendation** is as follows

1. That this action proceed on Plaintiff's 8th amendment excessive force claim against Defendants Renteria, Arreola, and Haddad.
2. That the Court dismiss all other claims against all other defendants.
3. That the Clerk be directed to effectuate service on Defendants Renteria, Arreola, and Haddad.

### VII. OBJECTIONS DUE WITHIN 14 DAYS

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to the case per 28 U.S.C. § 636(b)(l). Within 14 days of these Findings and Recommendations, any party may file written objections. The document should be titled "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 11, 2025**              **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE